**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   2008 JAN 30  PM 5: 03
FORT MYERS DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CLARENCE FISCHER,

              Plaintiff,

vs.                                    Case No.   2:08-cv-21-FtM-34DNF

CHARLES FERRANTE, J. BARRACO, THOMAS
ELLEGOOD, WILLIAM BOBBY JOHNSON, E.
LEWIS, NORMA MAHLER, ROBYN MITAR,
RUDY LEDE, FNU COTTER, R. RABITT, J.
ROSA, FNU STOKES,

              Defendants.
_____

### ORDER OF DISMISSAL[1]

This matter comes before the Court upon initial review of the
file.  Plaintiff, who is currently confined in the Lee County Jail
initiated this action on January 14, 2008, by filing a *pro se* civil
rights complaint form pursuant to 42 U.S.C. § 1983 ("Complaint,"
Doc. #1).  Plaintiff seeks to proceed *in forma pauperis* in this
action (Doc. #2).

Plaintiff alleges, *inter alia*, that the Defendants have
violated Plaintiff's First Amendment rights by rifling through
Plaintiff's outgoing mail and legal materials, and throwing out
various pieces of Plaintiff's outgoing mail during a shake down of

---

[1]This is a "written opinion" under § 205(a)(5) of the E-
Government Act and therefore is available electronically. However,
it has been entered only to decide the matters addressed herein and
is not intended for official publication or to serve as precedent.

Plaintiff's cell.  Complaint at 12-13.[2]  Additionally, Plaintiff claims that Defendants are harassing and retaliating against Plaintiff because of the various lawsuits Plaintiff has filed against the Defendants.  Id. at 14.  Plaintiff requests compensatory damages for "emotional distress" and punitive damages. Id. at 21.

The Prison Litigation Reform Act, which amended 28 U.S.C. § 1915, contains the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Section 1915, known as the "Three Strikes Rule," permits a prisoner to file only "three meritless suits at the reduced rate."  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

The Court takes judicial notice that Plaintiff has filed at least three civil rights actions in a court of the United States that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted.  See U.S. District Court, Middle District of Florida,

---

[2]The page numbers referenced herein are to the page of each particular document as it appears on the Court's case management electronic computer filing system.

Jacksonville Division, Case No. 3:04-cv-357; and U.S. District Court, Middle District of Florida, Fort Myers Division, Case Nos. 2:05-cv-163, 2:05-cv-252, and 2:05-cv-303. Because Plaintiff has had three or more qualifying dismissals and it does not appear that he is in imminent danger of serious physical injury, this action will be dismissed without prejudice. To the extent that Plaintiff wishes to prosecute this action, he must file a new civil rights complaint form and pay the $350.00 filing fee in its entirety <u>at the time of filing</u>.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED,** without prejudice.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 30ᵗʰ day of January, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-3-